Torrance L. Coburn
TIPP COBURN & ASSOCIATES PC
2200 Brooks Street
P.O. Box 3778
Missoula, MT  59806-3778
Telephone: (406) 549-5186
torrance@tcsattorneys.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| DEENA WASHINGTON, | Cause No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, Deena Washington ("Washington"), and for her

Complaint against the Defendant, states and alleges as follows:

### JURISDICTION AND VENUE

1.      This action arises under Title VII of the Civil Rights Act, as amended

(42 U.S.C. § 2000e et seq.).   This Court has original jurisdiction over this matter

pursuant to 28 U.S.C. § 1331, because the claims arise under the laws of the United

States.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.     The Plaintiff, Deena Washington, is currently a resident of the State of Colorado, Douglas County.  At the time of the discriminatory refusal to interview and hire as described below, the Plaintiff was a resident of the State of Montana, Lewis and Clark County.

4.     The Defendant, United Parcel Service, Inc. ("UPS") is an Ohio corporation with its principal office address located at 55 Glenlake Parkway, NE, Atlanta, GA 30328.  Defendant has conducted and currently conducts business in Montana, and is authorized to do the same.  Defendant's registered agent is Corporation Service Company, at P.O. Box 1691, 26 W. Sixth Ave., Helena MT 59624.

5.     At all times pertinent to this Complaint, the Defendant employed fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

**GENERAL ALLEGATIONS**

6.     The Plaintiff was employed with the Defendant from July 31, 2002 until October 28, 2016.

7.     During the course of her employment with the Defendant, the Plaintiff held several positions, including Human Resources Supervisor and Package Center

Supervisor.  The Plaintiff's last position with the Defendant was Package Center

Supervisor.

8.      During the course of her employment with the Defendant, the Plaintiff

was subjected to harassment and discrimination based upon her sex, and also

witnessed others being subjected to harassment and discrimination based upon

their protected class status.

9.      While employed with the Defendant, the Plaintiff reported the above-

described harassment and discriminatory conduct to the Defendant and its

supervisory personnel.

10.     On October 28, 2016, the Plaintiff resigned from her employment

with the Defendant.

11.     On January 7, 2019, the Plaintiff applied with the Defendant for an

open part-time package center supervisor position in Helena, Montana advertised

by the Defendant.

12.     The Plaintiff was qualified for the open position referenced above in

paragraph 11.

13.     Upon information and belief, the Plaintiff was the most qualified

applicant for the open position referenced above in paragraph 11.

14.     The Plaintiff was neither interviewed, nor hired, for the open position

referenced above in paragraph 11.

15.     The Defendant both refused to interview and refused to hire the Plaintiff for the open position referenced above in paragraph 11 because of her sex, and/or in retaliation for engaging in the above-referenced protected activity.

16.     On January 15, 2019, the Plaintiff applied with the Defendant for a different open part-time package center supervisor position in Helena, Montana advertised by the Defendant.

17.     The Plaintiff was qualified for the open position referenced above in paragraph 16.

18.     Upon information and belief, the Plaintiff was the most qualified applicant for the open position referenced above in paragraph 16.

19.     The Plaintiff was neither interviewed, nor hired, for the open position referenced above in paragraph 16.

20.     The Defendant both refused to interview and refused to hire the Plaintiff for the open position referenced above in paragraph 16 because of her sex, and/or in retaliation for engaging in the above-referenced protected activity.

21.     On February 16, 2019, the Plaintiff applied with the Defendant for an open part-time package handler position advertised by the Defendant.

22.     The Plaintiff was qualified for the open position referenced above in paragraph 21.

23.     Upon information and belief, the Plaintiff was the most qualified applicant for the open position referenced above in paragraph 21.

24.     The Plaintiff was neither interviewed, nor hired, for the open position referenced above in paragraph 21.

25.     The Defendant both refused to interview and refused to hire the Plaintiff for the open position referenced above in paragraph 21 because of her sex, and/or in retaliation for engaging in the above-referenced protected activity.

26.     On March 15, 2019, the Plaintiff was notified by an agent of the Defendant that the Defendant refused to hire the Plaintiff despite her qualifications, and that it would never rehire the Plaintiff in any position, regardless of her qualifications.

27.     The Plaintiff timely filed her complaint alleging discrimination with the EEOC.

28.     The EEOC issued its Notice of Suit Rights regarding the Plaintiff's complaint of discrimination on July 29, 2020.

29.     The Plaintiff's Complaint has been timely filed with this Court.

## COUNT ONE – DISCRIMINATORY REFUSAL TO INTERVIEW AND HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

30.     Plaintiff Washington realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

31.     Despite the fact that the Plaintiff was qualified for the open part-time package center supervisor position in Helena, Montana referenced above in paragraph 11, the Defendant refused to hire or even interview the Plaintiff for the position.

32.     The Defendant's above-referenced refusals to interview and hire the Plaintiff for the position referenced in paragraph 11 were based upon her sex, in violation of Title VII of the Civil Rights Act, as amended.

33.     As a result of the Defendant's discrimination against the Plaintiff because of her sex, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

34.     The Defendant acted with malice and/or reckless indifference towards the Plaintiff's rights when it refused to consider or hire the Plaintiff because of her sex.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT TWO – DISCRIMINATORY REFUSAL TO INTERVIEW AND HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

35.     Plaintiff Washington realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

36.     Despite the fact that the Plaintiff was qualified for the open part-time package center supervisor position in Helena, Montana referenced above in

paragraph 16, the Defendant refused to hire or even interview the Plaintiff for the position.

37.     The Defendant's above-referenced refusals to interview and hire the Plaintiff for the position referenced in paragraph 16 were based upon her sex, in violation of Title VII of the Civil Rights Act, as amended.

38.     As a result of the Defendant's discrimination against the Plaintiff because of her sex, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

39.     The Defendant acted with malice and/or reckless indifference towards the Plaintiff's rights when it refused to consider or hire the Plaintiff because of her sex.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT THREE – DISCRIMINATORY REFUSAL TO INTERVIEW AND HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

40.     Plaintiff Washington realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

41.     Despite the fact that the Plaintiff was qualified for the open part-time package center supervisor position in Helena, Montana referenced above in paragraph 21, the Defendant refused to hire or even interview the Plaintiff for the position.

42.     The Defendant's above-referenced refusals to interview and hire the Plaintiff for the position referenced in paragraph 21 were based upon her sex, in violation of Title VII of the Civil Rights Act, as amended.

43.     As a result of the Defendant's discrimination against the Plaintiff because of her sex, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

44.     The Defendant acted with malice and/or reckless indifference towards the Plaintiff's rights when it refused to consider or hire the Plaintiff because of her sex.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT FOUR – RETALIATORY REFUSAL TO INTERVIEW AND HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

45.     Plaintiff Washington realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

46.     Despite the fact that the Plaintiff was qualified for the open part-time package center supervisor position in Helena, Montana referenced above in paragraph 11, the Defendant refused to hire or even interview the Plaintiff for the position.

47.     The Defendant's above-referenced refusals to interview and hire the Plaintiff for the position referenced in paragraph 11 were in retaliation for the

Plaintiff engaging in a protected activity as contemplated by 42 U.S.C. § 2000e-3, in violation of Title VII of the Civil Rights Act, as amended.

48.     As a result of the Defendant's illegal discrimination against the Plaintiff, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

49.     The Defendant's above-described violation of Title VII of the Civil Rights Act was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT FIVE – RETALIATORY REFUSAL TO INTERVIEW AND HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

50.     Plaintiff Washington realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

51.     Despite the fact that the Plaintiff was qualified for the open part-time package center supervisor position in Helena, Montana referenced above in paragraph 16, the Defendant refused to hire or even interview the Plaintiff for the position.

52.     The Defendant's above-referenced refusals to interview and hire the Plaintiff for the position referenced in paragraph 16 were in retaliation for the

Plaintiff engaging in a protected activity as contemplated by 42 U.S.C. § 2000e-3, in violation of Title VII of the Civil Rights Act, as amended.

53.     As a result of the Defendant's illegal discrimination against the Plaintiff, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

54.     The Defendant's above-described violation of Title VII of the Civil Rights Act was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT SIX – RETALIATORY REFUSAL TO INTERVIEW AND HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

55.     Plaintiff Washington realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

56.     Despite the fact that the Plaintiff was qualified for the open part-time package center supervisor position in Helena, Montana referenced above in paragraph 21 the Defendant refused to hire or even interview the Plaintiff for the position.

57.     The Defendant's above-referenced refusals to interview and hire the Plaintiff for the position referenced in paragraph 21 were in retaliation for the

Plaintiff engaging in a protected activity as contemplated by 42 U.S.C. § 2000e-3, in violation of Title VII of the Civil Rights Act, as amended.

58.    As a result of the Defendant's illegal discrimination against the Plaintiff, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

59.    The Defendant's above-described violation of Title VII of the Civil Rights Act was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to the Plaintiff for punitive damages

WHEREFORE, Plaintiff requests that this Court:

A. Issue judgment declaring that the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights secured under Title VII of the Civil Rights Act, as amended;

B. Grant the Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice that discriminates on the basis of sex and/or in retaliation for engaging in protected activities, or is otherwise in violation of Title VII of the Civil Rights Act, as amended;

C. Order the Defendant to make the Plaintiff whole by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other

benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, front pay, reinstatement or reconsideration by the Defendant for employment opportunity;

  D. Order the Defendant to compensate the Plaintiff for all general and special damages suffered by Plaintiff as a result of the Defendant's actions as alleged above;

  E. For punitive damages, in an amount to be set by the jury, for the Defendant's actions as alleged above, which were committed with actual malice;

  F. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance;

  G. For Plaintiff's costs and attorneys' fees incurred herein;

  H. For such and other relief as may be determined just and equitable by this Court and in compliance with the laws of the United States of America and the State of Montana.

  DATED this 27th day of October, 2020.

      TIPP COBURN & ASSOCIATES PC

      By: _/s/ Torrance L. Coburn_____
      Torrance L. Coburn
      P.O. Box 3778
      Missoula, MT 59806-3778
      *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through her attorneys, and demands a jury trial on all issues of fact in the above case.

DATED this 27th day of October, 2020.

TIPP COBURN & ASSOCIATES PC

By: _/s/ Torrance L. Coburn_
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
_Attorneys for Plaintiff_

-13-