IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DEENA WASHINGTON,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>                Defendant. | No. CV 20-77-H-SEH<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Deena Washington ("Plaintiff") has asserted in this case that Defendant United Parcel Service, Inc. ("Defendant") discriminated against and refused to interview and hire her in violation of Title VII of the Civil Rights Act,[1] that the reasons given for refusing to interview and hire were a pretext, and that, instead, she was not interviewed and hired because of both her sex and because of complaints she had previously made against a co-worker employed by the Defendant.[2] All fail.

---

[1] Doc. 1 at 5-10.

[2] *Id.* at 3-5.

Defendant moved for summary judgment alleging: (1) Plaintiff cannot establish the non-discriminatory grounds for her non-hire were a pretext; and (2) she cannot establish that she was denied positions with Defendant in January and February of 2019 in retaliation for reporting harassment by another employee, Jay Yeager in August 2016.³ Plaintiff now concedes that she "cannot establish the fourth prong of the traditional discriminatory refusal to hire prima facie case."⁴ The sexual discrimination claims have been abandoned.⁵ She nevertheless asserts that issues of material fact remain that preclude summary judgment on her retaliatory failure to hire claim.⁶

## FACTS

Undisputed facts of record establish:

1.  Defendant's reasons for not hiring or interviewing Plaintiff were not a pretext but instead were specific to: (1) Plaintiff's foreseeable conflicts of interest;⁷ (2) her overqualification for the roles for which she applied;⁸ (3) her

---

³ Doc. 37-1 at 10, 15.

⁴ Doc. 40 at 11, n. 1.

⁵ *Id.*

⁶ *Id.* at 11-12.

⁷ Doc. 37-5 at 4; *see also* F. R. Civ. P. 56(c)(1)(A) and (e)(2) (The party moving for summary judgment may "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

confidentiality conflicts;[9] and (4) her preference to work for Defendant in human resources rather than in package handling.[10]

2.  Plaintiff by sworn deposition relied solely upon her own testimony in an attempt to establish that another of Defendant's employees, Jay Yeager, was actually involved in her hiring process and that Defendant's purported reasoning for not hiring or interviewing her were a pretext.[11]

3.  Plaintiff, in her deposition, acknowledged that her ex-significant other, Bill Childers, would have been an indirect supervisor over the part-time package handler positions for which she applied in 2019.[12]

---

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" and if the non-moving party fails to properly address or object to certain facts presented in this manner then the Court may "consider the fact undisputed for purposes of the motion").

[8] Doc. 41 at ¶ 21 and ¶ 22 (citing Docs. 37-11 at 440 and 37-8 at ¶ 11-12 (Irish Decl.)) (Plaintiff disputes the legitimacy of Kristin Irish's stated reasons for not hiring Plaintiff but fails to argue that Irish's reasoning was false or unfounded. Therefore, since Plaintiff does not dispute that Irish's reasons were false, Plaintiff "fails to properly address [Defendant's] assertion of fact" and the Court finds that Irish's stated reasons for non-hire are undisputed. F. R. Civ. P. 56(e)(2). The legitimacy of Irish's reasoning is addressed in the Court's discussion of Defendant's Motion.)).

[9] *Supra* note 8.

[10] Doc. 41 at 15 (*Washington Depo.* 59: 21-25).

[11] *Id.* at 27 (*Washington Depo.* 77: 2-8).

[12] *Id.* at 9-10 (*Washington Depo.* 97:9-98:3).

confidentiality conflicts;[9] and (4) her preference to work for Defendant in human resources rather than in package handling.[10]

2.  Plaintiff by sworn deposition relied solely upon her own testimony in an attempt to establish that another of Defendant's employees, Jay Yeager, was actually involved in her hiring process and that Defendant's purported reasoning for not hiring or interviewing her were a pretext.[11]

3.  Plaintiff, in her deposition, acknowledged that her ex-significant other, Bill Childers, would have been an indirect supervisor over the part-time package handler positions for which she applied in 2019.[12]

---

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" and if the non-moving party fails to properly address or object to certain facts presented in this manner then the Court may "consider the fact undisputed for purposes of the motion").

[8] Doc. 41 at ¶ 21 and ¶ 22 (citing Docs. 37-11 at 440 and 37-8 at ¶ 11-12 (Irish Decl.)) (Plaintiff disputes the legitimacy of Kristin Irish's stated reasons for not hiring Plaintiff but fails to argue that Irish's reasoning was false or unfounded. Therefore, since Plaintiff does not dispute that Irish's reasons were false, Plaintiff "fails to properly address [Defendant's] assertion of fact" and the Court finds that Irish's stated reasons for non-hire are undisputed. F. R. Civ. P. 56(e)(2). The legitimacy of Irish's reasoning is addressed in the Court's discussion of Defendant's Motion.)).

[9] *Supra* note 8.

[10] Doc. 41 at 15 (*Washington Depo.* 59: 21-25).

[11] *Id.* at 27 (*Washington Depo.* 77: 2-8).

[12] *Id.* at 9-10 (*Washington Depo.* 97:9-98:3).

4. Plaintiff also stated in deposition that she would have preferred a human resources position over the available package handler positions and that she was attempting to use the package handler positions as a stepping stone to get to human resources.[13]

## DISCUSSION

Plaintiff claims: (1) she was not interviewed or hired for three different package handling positions in retaliation for reports she made against another employee, Jay Yeager, while in Defendant's employment three years earlier in August 2016; (2) that Defendant's reasons for not interviewing or hiring her were a pretext; (3) that Yeager somehow was involved in the hiring of three part-time package handling positions in 2019; and (4) Defendant had no internal policy reasons for not interviewing or hiring her in 2019.[14]

Defendant, in response, asserted: (1) Defendant had legitimate internal policy reasons and concerns for not interviewing or hiring Plaintiff;[15] and (2) Plaintiff has not shown that Yeager was involved in the 2019 hiring processes for

---

[13] *Id.* at ¶ 32 (*Washington Depo.* 59:13-25).

[14] Doc. 40 at 11.

[15] Doc. 37-11 at 440.

the three part-time package handling positions for which Plaintiff had applied.[16] In response, Plaintiff relied solely upon her own testimony that she was the most qualified candidate for each position, that Yeager was part of the hiring processes for those positions, and Defendant's reasons for not hiring her were a pretext brought on by Yeager's retaliation.[17]

In *University of Texas Southwestern Medical Center v. Nassar*, the United States Supreme Court stated that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[18]

---

[16] Doc. 37-3 at 59 (*Washington Depo.* 59:13-25).

[17] *Id.*

[18] 570 U.S. 338, 360 (2013); Doc. 40 at 12 (Plaintiff cites *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) to support her claim that "[t]he requisite degree of proof to establish a prima facie case is 'minimal and does not even rise to the level of a preponderance of the evidence.'" However, if a plaintiff proves a prima facie case of discrimination "the defendant bears only the burden of explaining clearly the nondiscriminatory reasons for its actions." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 260 (1981). If a Defendant clearly states nondiscriminatory reasons for its actions then "the burden is on the plaintiff to prove by a preponderance of the evidence the reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Joki v. Rogue Cmty. Coll.*, 544 F. App'x 679, 681 (9th Cir. 2013)(quoting *Burdine*, 450 U.S. at 253)).

Even if it be assumed that Plaintiff's August 2016 complaint about Yeager established protected activity under Title VII of the Civil Rights Act, Plaintiff must nevertheless prove that "there was a causal link between the protected activity and the adverse employment decision" and "[t]o establish causation [Plaintiff] must show 'by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [her non-hire] and that but for such activity [she] would'" have been interviewed or hired.[19] The record supports neither conclusion.

Summary Judgment requires that a party asserting a specific fact must either "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"[20] or "show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[21] Moreover, and in

---

[19] *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002) (quoting *Ruggles v. California Polytechnic State Univ.*, 797 F.2d 782, 785 (9th Cir. 1986)).

[20] Fed. R. Civ. P. 56(c)(1)(A).

[21] Fed. R. Civ. P. 56(c)(1)(B).

addition, the Ninth Circuit has clearly "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."[22]

Defendant has maintained that hiring Plaintiff presented a conflict of interest because of existing policies which recognized and stated that certain conflicts "arise in connection with the employment of relatives and/or employees involved in close, personal relationships. Such conflicts of interest include but are not limited to the following examples involving relatives or employees involved in a close, personal relationship."[23] Plaintiff asserts, in response, that since she and Childers were no longer in a relationship, Defendant's asserted conflict of interest policy was no longer a legitimate reason for not hiring or interviewing her.[24] However, Defendant's policy also recognized that "there may be connections between employees which are not specifically addressed in this policy but which result in the perception of favoritism or other workplace distractions that this policy is designed to avoid."[25]

---

[22] *Villiarimo*, 281 F.3d at 1061 (quoting *Kennedy v. Applause*, Inc., 90 F.3d 1477, 1481 (9th Cir.1996)); *see also* Fed. R. Civ. P. 56.

[23] Doc. 37-5 at 3.

[24] Doc. 40 at 18-19.

[25] *Id.* at 4.

In this case, Childers is the father of Plaintiff's child and pays child support for the child.[26] Plaintiff is in a financial relationship with Childers, that under Defendant's conflict of interest policies, could lead to "workplace distractions" or other disputes, especially given that Childers would have been an indirect supervisor over all three of the package handling positions for which Plaintiff had applied in January and February of 2019.[27] Plaintiff has failed to demonstrate that Defendant's internal policy reasons for not hiring her were invalid.

Plaintiff asserts that Yeager was involved in her hiring processes solely by stating that he is a "micromanager" and therefore must have been "absolutely" involved in her hiring processes.[28] This conclusion, however, is based only on Plaintiff's own speculation and not on evidence in the record.[29]

In addition, Kristine Irish, Defendant's decision-maker who chose whether to interview or hire Plaintiff for the package handling positions stated that Plaintiff would not be pursued as a candidate because, given Plaintiff's prior work "experience there is a high chance that she will be using this position as a stepping stone, and while that is not disqualifying it isn't ideal. We are trying to build a

---

[26] Doc. 41 at ¶ 11.

[27] Doc. 41 at ¶ 11; *see also* Doc. 37-3 at 97-8 (*Washington Depo.* 97:9-98:3).

[28] Doc. 37-3 at 77 (*Washington Depo.* 77:2-8).

[29] *Id.*

skilled workforce with people who will be in place for quite some time."[30]

Although Plaintiff's obvious preference to be in human resources[31] did not immediately disqualify her from employment, that preference ran contrary to Defendant's objective to develop a skilled work force of staff who "will be in place for quite some time."[32]

Defendant's reasons for not wanting to pursue Plaintiff as a candidate were legitimate because "it is not important whether they (the reasons) were *objectively* false . . . rather, courts 'only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.'"[33] Defendant both had policy and legitimate business reasons to not interview or hire Plaintiff.

In order for Plaintiff to overcome Defendant's Motion for Summary Judgment and the basis for the motion, Plaintiff "must produce enough evidence to allow a reasonable fact finder to conclude either: that the alleged reason for

---

[30] Doc. 37-11 at 440.

[31] Doc. 41 at ¶ 32; *see also* Doc. 37-3 at 97-8 (*Washington Depo.* 97:9-98:3) (where Plaintiff specifically said that she would "[a]bsolutely" use the package handling positions to get back to an HR supervisory role).

[32] Doc. 42 at 9; *quoting* Doc. 37-11 at 440.

[33] *Villiarimo*, 281 F.3d 1054, 1063 (quoting *Johnson v. Nordstrom, Inc.,* 260 F.3d 727, 733 (7th Cir. 2001) (internal quotations omitted)).

[Plaintiff's non-hire] was false, or that the true reason for [the adverse employment action] was a discriminatory one."[34] Plaintiff has failed on each ground.

Plaintiff relied on her "self-serving testimony"[35] and a hearsay conversation asserted to have taken place between Plaintiff and Jim Jones–who interviewed her in February of 2019 for a part-time package handling position.[36] She claimed that Jones told her that Defendant was "[s]cared of [her], and they (Defendant) say[s] you know too much."[37]

The statements attributed to Jones by Plaintiff were not made under oath or on the record. Plaintiff, in order to create a genuine issue, "must respond with more than [the] mere hearsay and legal conclusions" provided.[38]

## CONCLUSION

Plaintiff has failed to demonstrate a genuine issue of material fact. Her assertions of a pretext and retaliatory discrimination in non-hiring were grounded in her own speculation and hearsay.

---

[34] Doc. 37-1 at 13 (citing *Thomas v. Lake Cty.*, No. 1:13-cv-852-CL, 2015 WL 164831, at *5 (D. Or. Jan. 13, 2015) (quoting *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1996))).

[35] *Villiarimo*, 281 F.3d at 1061.

[36] Doc. 37-3 at 77 (*Washington Depo.* 80:25-81:1-3).

[37] *Id.*

[38] *Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100, 1104 (9th Cir. 1986) (citing *Doff v. Brunswick Corp.*, 372 F.2d 801, 804 (9th Cir. 1966)).

Defendant, on the other hand, has established that legitimate reasons exist for not hiring or interviewing Plaintiff and that the hiring decision-maker was not swayed to act in retaliation against her. She cannot proceed "based on nothing but [her] own speculation, and 'this court has refuse[s] to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony.'"[39]

ORDERED:

1.   Defendant's Motion for Summary Judgment[40] is GRANTED. The case is dismissed.

2.   The Clerk is directed to enter judgment for Defendant and close the case.

DATED this 2nd day of June, 2022.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[39] *Trujillo v. Tally*, 461 F. App'x. 561 (9th Cir. 2011) (quoting *Villiarimo*, 281 F.3d at 1061).

[40] Doc. 37.